# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALHAGI SAMBA,

   Petitioner

v.

CRAIG A. LOWE,

   Respondent

CIVIL NO. 3:18-CV-0662

(Judge Caputo)

# M E M O R A N D U M

Presently before the Court is Alhagi Samba's *pro se* petition for writ of habeas filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In his Petition, Mr. Samba contends his prolonged detention pursuant to 8 U.S.C. § 1226(c) without a bond hearing violates his Due Process rights. The Government recently filed a Notice of Change in Detention Status and Suggestion of Mootness (ECF No. 7) due to Mr. Samba's change in detention status, to which Mr. Samba has not replied. For the following reasons, the Court will dismiss the Petition without prejudice.

## I.    Factual Background and Procedural History

Mr. Samba is a native and citizen of Gambia. He legally entered the United States in 1988 on a non-immigrant B-2 visa. After overstaying his visitor's visa, an Immigration Judge (IJ), on October 5, 1994, granted Mr. Samba voluntary departure in lieu of deportation. (ECF No. 4-1 at 4.) After appealing the voluntary departure order, his removal proceedings were terminated on October 7, 1997 pending an I-130 Petition

for Alien Relative filed by his wife. His I-I30 Petition was approved on December 19, 1995. (*Id.*)

On December 19, 2006, Mr. Samba was convicted in the Luzerne County Court of Common Pleas for Criminal Conspiracy to Deliver (Marijuana) and sentenced to twenty-four months imprisonment. (*Id.* at 13.) He was also convicted of Corrupt Organizations which carried a twenty-four-month prison term. (*Id.* at 13.) On August 29, 2017, officials of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), arrested Mr. Samba at his place of work charging him as removable from the United States pursuant to Sections 237(a)(1)(B), 237(a)(2)(B)(i) and 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA) based on the overstay of his visitor's visa and his 2006 Luzerne County Court of Common Pleas convictions for drug trafficking and racketeering. (*Id.* at 13.)

Mr. Samba has remained in ICE custody since August 29, 2017. An IJ continued Mr. Samba's first two master calendar hearings, scheduled in September 2017, so he could obtain counsel. (*Id.* at 16, Foster Decl. at ¶¶ 2-3.) At a March 12, 2018 master calendar hearing, Mr. Samba's counsel sought and obtained his A-file, and requested a one-week continuance to move to withdraw. (*Id.* at 16-17, Foster Decl. at ¶¶ 4-10.)

On April 23, 2018, an IJ ordered Mr. Samba removed from the United States. After the Board of Immigration Appeals (BIA) dismissed his appeal, Mr. Samba filed a Petition for Review with the United States Court of Appeals for the Third Circuit. *See Samba v. Att'y Gen.*, No. 19-01878 (3d Cir. Apr. 17, 2019). On May 6, 2019, the Court temporarily granted Mr. Samba's request for a stay of removal pending resolution of his Petition. On August 13, 2019, the Third Circuit Court of Appeals vacated its temporary

administrative stay of removal. (*Id*.) On September 3, 2019, Mr. Samba filed a second Petition for Review. *See Samba v. Att'y Gen.*, No. 19-03022 (3d Cir. Sept. 3, 2019). The same day the Third Circuit Court of Appeals temporarily granted his motion for a stay of removal. On October 23, 2019, the circuit court denied Mr. Samba's motion to stay his removal and vacated its temporary administrative stay of removal. (*Id*.)

On December 18, 2019, the Respondent filed a notice of change in detention status and suggestion of mootness. (ECF No. 7.) Respondent asserts that on October 23, 2019, the appellate court's denial of Mr. Samba's motion to stay his removal triggered the start of the removal period and shifted his detention status to post final order detention pursuant to § 241(a) of the INA.

**II.     Legal Standard**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500, 93 S.Ct. 1123,

1129, 1132, 35 L.Ed.2d 443 (1973); see also Zadvydas v. Davis, 533 U.S. 678, 699, 121 S.Ct. 2491, 2503-04, 150 L.Ed.2d 653 (2001).

III.     Discussion

    A.     Mr. Samba is Presently Detained Pursuant to § 1231, not § 1226(c)

Generally speaking, 8 U.S.C. § 1226[1] governs pre-removal order detention of aliens while 8 U.S.C. § 1231[2] governs post-removal order detention of aliens. When Mr. Samba filed his Petition, he was detained pursuant to 8 U.S.C. § 1226(c) and challenged the constitutionality of his prolonged detention without a bond hearing prior to a final order or removal. As of October 23, 2019, when the Third Circuit Court of Appeal vacated its temporary stay of removal and denied his motion to stay removal, Mr. Samba fell subject to an administratively final order of removal. See 8 U.S.C. § 1231(a). Accordingly, any request for relief must be evaluated under Section 1231(a), and any claim he had challenging his pre-final order detention under § 1226(c) is moot as he is no longer detained pursuant to that statute. See Rodney v. Mukasey, 340 F. App'x 761, 764-65 (3d Cir. 2009) (finding that the change in procedural posture of the case from pre-final order to post-final order mooted petitioner's challenge to pre-final order detention under Section 1226(c) because "[t]he injury alleged, unreasonably long

---

[1] Section 1226 instructs the Attorney General to detain aliens during ongoing removal proceedings. See 8 U.S.C. § 1226. Section 1226(c) applies to individuals pending a final order of removal and provides, in part, that the Attorney General is required to detain any noncitizen who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B).

[2] Section 1231 applies to the detention of aliens subject to a final order of removal not subject to a stay of removal. See 8 U.S.C. § 1231; Guerrero-Sanchez v. Warden York Cty. Prison, 905 F.3d 208, 213 – 15 (3d Cir. 2018).

pre-final order of removal detention under 8 U.S.C. § 1226(c), can no longer be redressed by a favorable decision.")

Nonetheless, given Mr. Samba's *pro se* status and continued detention, the Court will consider whether he is entitled to a bond hearing to review his continued detention under Section 1231.

### B. Mr. Samba is Not Entitled to an Individualized Bond Hearing

As Mr. Samba is subject to a final order of removal, the source of his continued detention is 8 U.S.C. § 1231(a). Thus, the determination as to whether he is entitled to an individualized bond hearing is guided by the Supreme Court's decision in *Zadvydas* and the Third Circuit Court of Appeals' decision in *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 225-26 (3d Cir. 2018).

Section1231(a)(1)(A) provides that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period"). 8 U.S.C. § 1231. The "removal period" under Section 1231(a)(1)(A) begins on the latest of "(i) The date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

During the 90-day removal period set forth in § 1231(a)(1)(A), "the Attorney General shall detain the alien. Under no circumstance during the removal period shall

the Attorney General release an alien who has been found ... deportable under section 1227(a)(2)." 8 U.S.C. § 1231(a)(2). In other words, the alien's detention during the removal period is mandatory. See *Jennings v. Rodriguez*, _____ U.S. _____, _____, 138 S.Ct. 830, 843, 200 L.Ed.2d 122 (2018) (Under Section 1231(a), "the Attorney General is directed to complete removal within a period of 90 days, 8 U.S.C. § 1231(a)(1)(A), and the alien must be detained during that period, § 1231(a)(2).") After the 90-day removal period has expired, the alien's detention may be continued, or he may be released under supervision. 8 U.S.C. § 1231(a)(3), (6). In *Zadvydas*, the Supreme Court concluded that Section 1231 "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Zadvydas*, 533 U.S. at 698, 121 S.Ct. at 2498. Thus, "[o]nce removal is no longer reasonably foreseeable, continued detention is longer authorized by statute." *Id.*, 533 U.S. at 699, 121 S.Ct. at 2503. To establish a uniform baseline, the Court noted that a period of six months is a "presumptively reasonable period of detention." *Id.,* 533 U.S. at 701, 121 S.Ct. at 2504-05. Consistent with *Jennings*, the Third Circuit Court of Appeals "adopt[ed] a six-month rule … [that] an alien detained under § 1231(a)(6) is generally entitled to a bond hearing after six months (*i.e.*, 180 days) of custody."

Here, Mr. Samba's removal period began on October 23, 2019, when the Third Circuit Court of Appeals denied his motion to stay and vacated its temporary stay of removal. He is still within the 90-day removal period where his detention is mandatory. His period of mandatory detention therefore expires on or about Tuesday, January 21, 2020. Mr. Samba's presumptively reasonable period of detention without a hearing

would expire 90 days later. Thus, his petition must be dismissed as his challenge to his detention pursuant to Section 1231 is premature at this time.

**IV.  CONCLUSION**

For the reasons expressed above, Mr. Samba's habeas corpus Petition (ECF No. 1) will be dismissed without prejudice.

An appropriate order follows.

**Date:  February 7, 2020**　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　**A. RICHARD CAPUTO**
　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**